FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2011 JUL 27 PM 2: 24

CLERK_____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR 310-013 |
| | ) | |
| JULIUS LEE GILLESPIE | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

In the above-captioned criminal case, the government has charged Defendant Julius Lee Gillespie with one count of Failure to Register as a Sex Offender, in violation of 18 U.S.C. § 2250(a). (Doc. no. 1.) The matter is now before the Court on Defendant's motion to dismiss. (Doc. no. 36.) The government opposes the motion. (Doc. no. 48, pp. 3-4.) For the reasons developed below, the Court **REPORTS** and **RECOMMENDS** that the motion be **DENIED**.

### I. BACKGROUND

The one-count indictment in this case alleges:

> On or about July 23, 2010, and prior thereto, in Dodge County, within the Southern District of Georgia, and elsewhere, the defendant JULIUS LEE GILLESPIE, a person required to register under the Sex Offender Registration and Notification Act, having been convicted in May 1976, of two counts of Rape in the First Degree, in Pierce County, Washington, Case

No. 49281, did travel in interstate commerce and did knowingly fail to register and to update his registration as required, in violation of Title 18, United States Code, Section 2250(a).[1]

(Doc. no. 1). According to Defendant, the indictment is "fatally flawed" either because it fails to allege sufficient facts to show a crime was committed, or it "will be found to be fatally flawed pending receipt and review of the Government's Bill of Particulars."[2] (Doc. no. 36, p. 1.) The government counters that the indictment is sufficiently specific because it tracks the language of the charging statute, and because the discovery materials provided

---

[1] The charging statute provides:

**(a) In general.**--Whoever- -

> (1) is required to register under the Sex Offender Registration and Notification Act;
>
> (2)(A) is a sex offender as defined for the purposes of the Sex Offender Registration and Notification Act by reason of a conviction under Federal law (including the Uniform Code of Military Justice), the law of the District of Columbia, Indian tribal law, or the law of any territory or possession of the United States; or
>
> (B) travels in interstate or foreign commerce, or enters or leaves, or resides in, Indian country; and
>
> (3) knowingly fails to register or update a registration as required by the Sex Offender Registration and Notification Act;

shall be fined under this title or imprisoned not more than 10 years, or both.

18 U.S.C. § 2250.

[2] In a simultaneously filed Order, the Court has denied the request for a bill of particulars. Thus, Defendant's argument for dismissal based upon information that he hoped to find in a bill of particulars is itself fatally flawed. Accordingly, the Court will focus its analysis here on Defendant's first argument that the indictment lacks sufficient factual allegations.

2

to Defendant references travel between Georgia and South Carolina at the relevant time period. (Doc. no. 48, pp. 3-4.) The government has the better argument.

## II. DISCUSSION

Fed. R. Crim. P. 7(c)(1) requires that an indictment "be a plain, concise, and definite written statement of the essential facts constituting the offense charged . . . ." In the Eleventh Circuit, an indictment is sufficient if it: "(1) presents the essential elements of the charged offense, (2) notifies the accused of the charges to be defended against, and (3) enables the accused to rely upon a judgment under the indictment as a bar against double jeopardy for any subsequent prosecution for the same offense." United States v. Walker, 490 F.3d 1282, 1296 (11th Cir. 2007) (citation omitted); see also United States v. Cole, 755 F.2d 748, 759 (11th Cir. 1985) (finding that an indictment satisfies constitutional requirements by informing a defendant of the charges against him and enabling the defendant to plead double jeopardy in case of future prosecution for the same offenses ). The sufficiency of a criminal indictment is determined from its face, United States v. Sharpe, 438 F.3d 1257, 1263 (11th Cir. 2006), and "[f]acial sufficiency is not a high hurdle." United States v. Bates, 96 F.3d 964, 970 (7th Cir. 1996). Stated otherwise, "[a]n indictment that tracks the language of the relevant statute is sufficient, as long as it also provides a statement of facts and circumstances that give notice of the offense to the accused." Walker, 490 F.3d at 1296 (citation omitted); see also United States v. Silverman, 745 F.2d 1386, 1392 (11th Cir. 1984) ("The accusation must be legally sufficient, i.e., it must assert facts which in law amount to an offense and which, if proved, would establish prima facie the accused's commission of that offense."). Nevertheless, an indictment need not "allege in detail the factual proof that will be relied

3

upon to support the charges." United States v. Crippen, 579 F.2d 340, 342 (5th Cir. 1978)[3]; see also Bates, 96 F.3d at 970 ("Indictments need not exhaustively describe the facts surrounding a crime's commission nor provide lengthy explanations of the elements of the offense.").[4]

Here, as set forth above, the indictment tracks the of language of the statute under which Defendant has been charged, 18 U.S.C. § 2250(a).[5] Defendant has been made aware that he is charged with traveling in interstate commerce, on or about July 23, 2010, and failing to register and to update his registration under the Sex Offender Registration and Notification Act (SORNA). Moreover, as the government points out in its response, discovery material provided to Defendant references travel between Georgia and South Carolina around the relevant time period charged in the indictment. (Doc. no. 48, p. 4.)

To the extent that Defendant may be trying to challenge the sufficiency of the evidence via a challenge to the sufficiency of the indictment, this, too, must fail because

---

[3]In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions that were handed down prior to the close of business on September 30, 1981.

[4]As other courts have explained, the government is neither required to "set forth evidence or details of how a crime was committed," nor required to "prove its case" in an indictment. United States v. Triumph Cap. Group, Inc., 260 F. Supp.2d 444, 448 (D. Conn. 2002) (citing United States v. Carrier, 672 F.2d 300, 303-04 (2d Cir. 1982) and Costello v. United States, 350 U.S. 359, 363 (1956)). Accordingly, "a technically sufficient indictment is not subject to dismissal on the basis of factual questions, the resolution of which must await trial." Id. (internal citations and quotation marks omitted).

[5]Defendant concedes that the indictment tracks the language of the statute. (Doc. no. 36, p. 2.)

4

criminal summary judgment proceedings are not permitted.[6] As the Eleventh Circuit has explained:

> The district court's supervisory authority to dismiss indictments cannot be anchored to a kind of criminal summary judgment procedure. We recognize that our system of criminal procedure may result in legally meritless cases being sent to trial, but absent further legislative direction, it is not for the courts to filter which criminal cases may reach the trial stage by reviewing the proffered evidence in advance.

United States v. Salman, 378 F.3d 1266, 1268-69 (11th Cir. 2004); see also United States v. Miller, 694 F. Supp.2d 1259, 1267 (M.D. Ala. 2010) (rejecting argument in motion to dismiss that indictment fails to state an offense where the defendant argued that he could not be convicted of violating § 2250(a) because, based on his factual circumstances, he allegedly did not have to register as a sex offender; recognizing that the court could not look beyond the face of the indictment and rule on the merits of charges). Thus, the Court concludes that the indictment is sufficiently specific to put Defendant on notice of the charge brought against him.

---

[6]Defendant's citation to Carr v. United States, 130 S. Ct. 2229 (U.S. 2010), and United States v. Beasley, 636 F.3d 1327 (11th Cir. 2011) (*per curiam*), does little to advance his argument for dismissal. In both cases, the Courts were considering when the defendant traveled in relation to SORNA's effective date, not - as is the basis for Defendant's argument here- whether interstate travel occurred. Carr, 130 S. Ct. at 2232-33; Beasley, 636 F.3d at 1329. As explained above, the Court cannot, when analyzing this motion to dismiss, base its ruling on whether the government has a factually-sound case.

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that the motion to dismiss be **DENIED**. (Doc. no. 36.)

SO REPORTED and RECOMMENDED this 27th day of July, 2011, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE